UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | HON. JAMES B. CLARK III |
| v. | : | MAGISTRATE NO. 17-3195 |
| AHARON LEV | : | <u>OPINION AND ORDER</u> |
| | : | |

Defendant Aharon Lev moves this Court to dismiss the Criminal Complaint against him in this matter with prejudice based upon the Government's alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161, <u>et seq</u>.  <u>See</u> Docket No. 33.  Defendant claims that because the Government failed to file an indictment or information within thirty days of his arrest, as required under 18 U.S.C. § 3161(b), his Speedy Trial clock has expired and the Complaint must therefore be dismissed.  Furthermore, Defendant asserts that because he has suffered substantial prejudice as a result of the Government's years-long prosecution, any dismissal of the Complaint should be with prejudice.  Finally, and for largely the same reasons, Defendant moves that the Government be precluded from re-prosecuting him by way of criminal complaint under Federal Rule of Criminal Procedure 48.

The Government counters with the assertion that recent Standing Orders 20-02 and 20-03 issued by this Court have served to toll Defendant's Speedy Trial clock since late March and that the clock has consequently not yet been exhausted.  <u>See</u> Docket Nos. 36 and 37 (Amended).  The Government further complains that Defendant, who had until recently been willing repeatedly to consent to ends-of-justice continuances, has abruptly chosen to reverse

1

course at a time when obtaining a grand jury quorum in a locked-down New Jersey is all but impossible due to the COVID-19 pandemic. The Government finally contends that it has not been so dilatory in its actions that the Defendant has suffered prejudice sufficient to warrant either a dismissal with prejudice or an Order precluding Defendant's re-prosecution. The Government therefore urges that Defendant's motions be denied.

Defendant devotes a good bit of time in his moving papers to a discussion of the propriety of the charges brought against him in the criminal complaint filed at the inception of this litigation. See Docket No. 33, at 1-6. When distilled down to its essence, however, the Defendant's present application focuses on – indeed, depends upon – the proper effect to be given to Standing Orders 20-02 and 20-03. Accepting as accurate the lengthy recitations in Defendant's initial moving brief regarding the continuance orders filed in this case and their effect on the Speedy Trial clock, see Docket No. 33, at 7-9, that clock had 10 days remaining as of March 24, 2020. As virtually everyone is aware, late March was approximately the same time that society at-large began to adopt extensive lockdown and quarantine measures because of the COVID-19 pandemic. In conjunction with those lockdown and quarantine measures, this Court on March 16, 2020 issued Standing Orders 20-02 and 20-03 addressing inter alia the issue of time calculations under the Speedy Trial Act in light of the pandemic. Specifically, Standing Order 20-02 provided that the period from March 16, 2020 to April 30, 2020 would be considered "excluded time" for all criminal cases pending in the District based upon the Court's finding that the "ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial." Standing Order 20-02, para. 6. Standing Order 20-03, in turn, clarified and confirmed that the "excluded time"

period established under Standing Order 20-02 would apply to the "30 day period established by 18 U.S.C. § 3161(b) during which, in a case commenced by complaint, the United States must either obtain an indictment or file an information." Standing Order 20-03, para. 1.[1]

Given the foregoing, the analysis regarding the principal issue raised in Defendant's motions package becomes rather straightforward. If the "excluded time" provisions of Standing Orders 20-02 and 20-03 do not apply to this case, as Defendant suggests, the complaint in this matter should be dismissed based upon a violation of the Speedy Trial Act. On the other hand, if the "excluded time" provisions of Standing Orders 20-02 and 20-03 do apply to this case, as the Government suggests, then there has not been any violation of the Speedy Trial Act and the complaint should not be dismissed.

While recognizing the existence of Standing Orders 20-02 and 20-03, the Defendant nevertheless argues that these Orders are insufficient under the Speedy Trial Act to toll the Speedy Trial clock in this case. More particularly, Defendant urges that § 3161((h)(7)(A) of the Speedy Trial Act does not allow for a blanket tolling in all cases; rather, in order for a tolling order to be effective, it must include case specific findings regarding how the continuance at issue serves the ends of justice. See Docket No. 33, at 9-11. In support of this position, Defendant points to a case in which the Supreme Court invalidated a blanket waiver of rights which did not include case specific findings, see Zedner v. United States, 547 U.S. 489, 492 (2006), as well other federal cases in which the various courts questioned the adequacy of findings in support of ends of justice continuances. See United States v. Doran, 882 F.2d 1511,

---

[1] The Court has since extended the "excludable time" under Standing Orders 20-02 and 20-03 until May 31, 2020. See Standing Order 20-09 (filed 4/17/20).

1515 (10th Cir. 1989)(need for specific findings in order to justify significant delays); see also United States v. Napadow, 596 F.3d 398, 405 (7th Cir. 2010)(need for sufficiently specific findings to justify a continuance); United States v. Jordan, 544 F.3d 656, 665 (6th Cir. 2008) (same); United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008)(same).

The Government raises many objections in response to Defendant's argument. First, the Government posits that Defendant's challenge to Standing Orders 20-02 and 20-03 is untimely because the proper vehicle for attacking the Orders is a motion for reconsideration, and Local Rule 7.1(i) requires that motions for reconsideration be filed within 14 days of issuance of the Orders. See Docket No. 37, at 3. Here, the reconsideration period for the Standing Orders expired on March 30, 2020, or about two weeks before Defendant filed the instant motions. Second, the Government contends that the Speedy Trial clock in this matter has not run because Defendant filed a bail motion on March 20, 2020, which tolled the Speedy Trial clock from that date until the date the bail motion was decided – April 6,2020. See 18 U.S.C. § 3161(h)(1)(D) (delays resulting from pretrial motions are automatically excludable for Speedy Trial purposes). Because Defendant filed the present motion on April 13, 2020, the Government argues, only the period from April 7th through April 12th can be counted against the Speedy Trial clock, and even accepting Defendant's calculations this would leave at least four days remaining on the Speedy Trial clock. See Docket No. 37, at 4. Finally, the Government argues that Standing Orders 20-02 and 20-03 are a perfectly valid exercise of this Court's authority, they include all the necessary and proper findings to justify an ends of justice continuance in this case, and they serve therefore to toll the Speedy Trial clock and defeat the present application by the Defendant. See Docket No. 37, at 4-5.

In reply to the Government's arguments, the Defendant reiterates his position that Standing Orders 20-02 and 20-03 are not sufficiently case specific to toll the Speedy Trial clock in this matter, and repeats his claim that the Government simply cannot be permitted to hold him on a criminal complaint knowing that he wishes to exercise his Speedy Trial rights. The Defendant accuses the Government of ignoring both the Sixth Amendment and applicable case law in taking the position that general Court orders can suspend the Speedy Trial clock as to all cases within the District. The Defendant further argues that the Government is wrong to rely on earlier cases where national emergencies were found to justify blanket tolling orders, noting that those orders were not only of shorter duration but were also not accompanied by a wholesale closing of the Court and its Grand Jury functions. The Defendant concludes by urging that the circumstances of this case justify not a freezing-in-place of Defendant's prosecution, but rather a dismissal of that prosecution followed by considered Government reflection as to whether or not to refile charges in the future.[2] For all of these reasons, the Defendant contends that his motions should be granted.

After reflecting upon the arguments of both sides carefully, the Court finds itself in agreement with the Government's position that the Speedy Trial clock has not run in this case and that the Complaint is not presently subject to dismissal. As an initial matter, if Standing Orders 20-02 and 20-03 succeeded in accomplishing what on their face they clearly sought to accomplish, then none of the days after March 16, 2020 that Defendant seeks to count against

---

[2] In his reply, Defendant does not specifically address the Government's arguments that Defendant's challenge to Standing Orders 20-02 and 20-03 is untimely and that the Speedy Trial Clock has not yet run because motions were pending in this matter for most of the past two months.

5

the Speedy Trial clock should actually be counted for that purpose. These Standing Orders, as amended, see supra note 1, specifically define as "excluded time" the period from March 16, 2020 until the present – in other words, the period upon which the success of Defendant's motion ultimately depends. Consequently, unless a reason for disregarding or invalidating Standing Orders 20-02 and 20-03 exists, the Defendant's position regarding a Speedy Trial Act violation in this matter must fail.

While Defendant offers many arguments questioning the application of Standing Orders 20-02 and 20-03 in this case, none of those arguments convince this Court either that the District Court was without authority to issue the Standing Orders or that application of the Standing Orders here is somehow fundamentally unfair or improper. Perhaps foremost among Defendant's arguments is that the Standing Orders improperly purport to toll his Speedy Trial clock without making case-specific findings; however, in order to accept this argument, the Court would inevitably have to conclude that the Standing Orders are not effective to toll the Speedy Trial clock in any criminal cases in the District. Not only would such an interpretation effectively render the Standing Orders meaningless, but it would also ignore the fact that the Standing Orders did make specific findings regarding the COVID-19 pandemic that apply equally to this case and all other criminal cases in this District. Clearly, given the COVID-19 emergency, the Standing Orders were a well-intended effort to effectuate a temporary, district-wide tolling of the Speedy Trial clock in pending criminal matters, and the Defendant is simply unwilling to concede that any such district-wide action is within the inherent powers of the Court to engage in emergency management.

As noted, <u>supra</u>, Defendant does recognize that blanket orders tolling the Speedy Trial clock in the face of emergencies have been upheld in the past, <u>see</u> <u>Furlow v. United States</u>, 644 F.2d 764 (9th Cir. 1981)(blanket continuance following Mt. St. Helens eruption); <u>United States v. Correa</u>, 182 F.Supp. 2d 326 (S.D.N.Y. 2001)(blanket continuance following 9/11 attacks), but Defendant urges that those blanket orders were of relatively short duration and were not accompanied by a lengthy shutdown of grand jury and other court functions.  It is perhaps a function of the unique nature of the current COVID-19 pandemic that there are few if any authorities directly on point.  It is also the unique nature of the pandemic, however, that convinces the Court not only that the Standing Orders now under attack were both reasonable and necessary, but also that it is fair to apply them in Defendant's case.

Just as certain valuable civil rights have been curtailed by the emergency pandemic-related quarantine directives of local and state officials, so too may the rights of litigants be affected by Court Order for the purpose of ensuring the orderly administration of justice.  Surely, the validity of any such Orders will ultimately depend upon their reasonableness, and just as surely, Standing Orders 20-02 and 20-03 on their face represent an entirely reasonable attempt to protect and ensure the timeliness of federal prosecutions at a time when we all have been forced to take a pause because of a serious national emergency.  Nor is the specific application of the Standing Orders to Defendant's case unreasonable, as they will likely only extend the <u>status quo</u> for a few months and will place few if any additional burdens upon the Defendant as he awaits his day in Court.  While Defendant insists, due to an unexplained change of heart, that he wants to exercise his Speedy Trial rights immediately, it was also the Defendant who for nearly two years willingly signed no fewer than twelve Continuance Orders

7

tolling the Speedy Trial clock in this case.  As the COVID-19 pandemic will likely ease in the not-too-distant future, Defendant will not have to forbear too much longer from exercising his right to a Speedy Trial and to force an indictment from the Government.  Certainly, any modest burden associated with pausing for such a limited period of time does not, as Defendant suggests, justify an immediate dismissal of the criminal complaint against him.  For the time being, Defendant will have to wait to exercise his Speedy Trial rights, as the Standing Orders of the Court have tolled his Speedy Trial clock until May 31, 2020.[3]

As mentioned, supra, the Government offers two additional, alternative grounds for finding it its favor, both of which are curiously left unaddressed in Defendant's reply papers.  First, the Government claims that Defendant did not timely challenge Standing Orders 20-02 and 20-03 because Local Rule 7.1 (i) requires that any such challenge be brought within 14 days of an Order's issuance.  Second, the Government argues that regardless of the effect of Standing Orders 20-02 and 20-03, Defendant's Speedy Trial clock has not expired because motions have been pending for most of the past two months, which tolled the clock's running.  While the Court does not choose simply to credit these arguments as unopposed, it does understand the reasoning behind the arguments and credits them substantively as alternative bases for ruling in favor of the Government in connection with Defendant's application.[4]

---

[3] In its brief, the Government pointed out (without any response from Defendant) that at least one other District Court in this Circuit found an "analogous COVID-19-responsive standing order[] to 'follow[] the procedure that the Speedy Trial Act requires."  Docket No. 37, at 6-7 (quoting United States v. Briggs, 2020 WL 1939720 (E.D. Pa. Apr. 22, 2020).  While not binding upon this Court, such a decision provides useful confirmation that Standing Orders like 20-02 and 20-03 are presumptively valid.

[4] Although the Defendant spent a good deal of time in his initial moving papers attacking the substantive charges the Government has filed against him, the Court has devoted little time to

THEREFORE, for all of the foregoing reasons, and good cause appearing,

IT IS on this 22nd day of May, 2020,

ORDERED that Defendant's motions set forth at Docket Number 33 be and the same are herewith denied.

s/James B. Clark III  
HON. JAMES B. CLARK III  
United States Magistrate Judge

---

addressing those attacks because they have little to do with Defendant's application that the Speedy Trial Act has been violated.  The Court also has not substantively addressed Defendant's arguments regarding dismissal with prejudice and dismissal pursuant to Rule 48, as the Court considers these arguments to be moot given its denial of the Defendant's principal Speedy Trial Act motion.